FILED
SUPERIOR COURT
OF GUAM

2022 JUL 27 PM 4: 15

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| GARY WAYNE FRANCIS GUMATAOTAO, | **Superior Court Case No. <u>CV0571-21</u>** |
| Plaintiff, | |
| vs. | **DECISION AND ORDER RE MOTIONS TO DISMISS** |
| DAVID JEFFREY HIGHSMITH, DOES I AND II, INSURANCE COMPANIES, and GOVERNMENT OF GUAM, | |
| Defendants. | |

The Court here considers whether to dismiss claims asserted by Plaintiff Gary W.F. Gumataotao against Defendants Government of Guam and David J. Highsmith. Having reviewed the record and the parties' arguments, the Court DENIES the Government's motion to dismiss the claims of negligence on grounds of sovereign immunity. Furthermore, the Court GRANTS IN PART Highsmith's motion relative to the claim of invasion of privacy and DENIES dismissal of the claim of intentional infliction of emotional distress.

## I. PROCEDURAL BACKGROUND

Gumataotao initiated his Complaint against Highsmith and the Government before this Court. Against Highsmith, Gumataotao alleges assault, battery, infliction of emotional distress, invasion of privacy, loss of reputation, oppressive conduct, and punitive damages. Compl. at 5-8 (July 22, 2021). Against the Government, Gumataotao alleges a claim under the Government Claims Act, workplace violence, and negligent hiring, retention, screening and supervision of Highsmith. Compl. at 8-15. Against both Defendants, Gumataotao alleges a violation of civil rights under 42 USC § 1983. Compl. at 15-19.

# ORIGINAL

The Government then removed the matter to the federal court. Not. Super. Ct of Filing Not. Removal (Aug. 10, 2021). Before the federal court, the parties litigated the dismissal of all of the causes of action. The District Court dismissed Gumataotao's federal civil rights claims and then remanded all unresolved causes of action to this Court. *Gumataotao v. Highsmith, et al.*, D. Guam Civil Case No. 21-00019 (Dec. & Order re: Mots. Dismiss, Mot. Remand, and Mot. Stay (Mar. 28, 2022)).

The case returned to this Court and the Court heard Defendants' remaining arguments presented in their motions to dismiss.

## II. LAW AND DISCUSSION

### A. Standard of Review for Motions to Dismiss

When presenting their motions to the federal court, both Defendants argued that Gumataotao failed to state claims for relief under Federal Rule of Civil Procedure 12(b)(6). Back before this Court on remand, the Court instead analyzes the motions under Guam Rule of Civil Procedure 12(b)(6). The federal rule and the Guam rule contain the same language which allows dismissal for a complainant's "failure to state a claim upon which relief can be granted." However, Guam applies this rule differently from the federal court.

In *Ukau v. Wang*, 2016 Guam 26 ¶ 33, the Guam Supreme Court clarified that Guam imposes a liberal, notice pleading requirement, and not the plausibility standard now employed in federal court cases applying Rule 12(b)(6). Under the notice pleading standard, the Court examines whether the complainant has made a short and plain statement of the claim showing entitlement to relief. *Id.*; GRCP 8(a). The Court here applies the notice pleading standard to Gumataotao's complaint.

Moreover, specifically as to the Government's arguments regarding dismissal due to the lack of sovereign immunity, the applicable rule is not Rule 12(b)(6). Instead, Rule 12(b)(1)

ORIGINAL

concerning subject matter jurisdiction applies. *Sumitomo Constr. Co., Ltd. v. Gov't Guam*, 2001 Guam 23 ¶ 22. The party asserting subject matter jurisdiction has the burden of proving jurisdiction, that is, that immunity does not bar the suit. *See Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 1995). No presumptive truthfulness attaches to the plaintiff's allegations. *Id.*

### B. Claims Against the Government

#### 1. Sovereign Immunity for Negligent Hiring and Screening

"The Government of Guam enjoys broad sovereign immunity." *Guam Fed'n of Teachers ex rel. Rector v. Perez*, 2005 Guam 25 ¶ 18 (citing *Sumitomo Construction, Co.*, 2001 Guam 23 ¶ 8). However, through the Government Claims Act, the Guam Legislature has provided a waiver of sovereign immunity "for certain governmental actions that are contractual in nature or that sound in tort." *Guam Police Dep't v. Super. Court of Guam*, 2011 Guam 8 ¶ 8 (citing 5 GCA §§ 6101–6404). For example, sovereign immunity is waived "for claims in tort, arising from the negligent acts of its employees acting for and at the direction of the government of Guam, even though occurring in an activity to which private person does not engage." 5 GCA § 6105(a)-(b) (2005).

The Guam Supreme Court has not defined the elements of a negligent hiring claim, though it is a tort recognized in a majority of jurisdictions. *See Connes v. Molalla Transport Sys., Inc.*, 831 P.2d 1316, 1321 (Colo. 1992) (en banc) (listing cases from other jurisdictions). In defining this tort, courts point to factors such as the failure to exercise reasonable care in hiring or retaining a person who creates a risk of danger to others, and that the employee's unfitness caused the plaintiff's injury. *See, e.g., Peterson v. Miranda*, 57 F. Supp. 3d 1271 (D. Nev. 2014) (applying Nevada law); *Castellanos v. Tommy John, LLC*, 321 P.3d 218 (Utah Ct. App. 2014); *Nat. Railroad Passenger Corp. v. Terracon Consultants, Inc.*, 13 N.E.3d 384 (Ill. App. 2014); *Raleigh v. Performance Plumbing and Heating*, 130 P.3d 1011, 1016 (Colo. 2006)


ORIGINAL

(en banc) (discussing duty). This generally mirrors the three elements of a negligence claim in Guam: "In a case for negligence, the establishment of tort liability requires the existence of a duty, the breach of such duty, causation and damages." *Guerrero v. McDonald's Int'l Prop. Co.*, 2006 Guam 2 ¶ 9; *see also Roman Catholic Diocese of Jackson v. Morrison*, 905 So.2d 1213, 1229 (Miss. 2005) (a negligent retention claim is simply a negligence claim, requiring a finding of duty, breach of duty, causation and damage). Because the factors necessary to prove a negligent hiring and supervision claim are the same as the elements for a negligence claim, the Government of Guam has waived its sovereign immunity for such claims.

The next issue is whether Gumataotao's negligence claim has been adequately pled. The Court construes the pleading in the light most favorable to the non-moving party and resolves all doubts in the non-moving party's favor. *Ukau*, 2016 Guam 26 ¶ 51. Gumataotao claims that the Government of Guam had the duty to properly screen, supervise and train Highsmith and is liable for negligently failing to do so. Compl. ¶¶ 56, 77-97. Gumataotao also alleges that Highsmith had "emotional and mental instability problems," of which the Government knew or should have known. The Court finds that these allegations adequately place the Government on notice of the grounds upon which Gumataotao relies for his negligent hiring and retention claim--satisfying Rule 8's requirement for a short and plain statement of his claim.

## 2. Statutory Immunity

The Government also contends that dismissal is appropriate under the Fair Chances Hiring Process Act, Chapter 6 of Title 22 of the Guam Code Annotated ("FCHPA"). That provision bars causes of action for negligent hiring or inadequate supervision based on evidence that the employee has a pending criminal case or criminal history. 22 GCA § 6106(a).

The plain language of that provision indicates that a plaintiff may not maintain a negligent hiring action against an employer on the grounds that the employee had a pending

ORIGINAL

criminal case or criminal history. As such, that statute is irrelevant to this case. Gumataotao does not claim that Highsmith had a pending criminal case or any criminal history at the time of his hiring.[1] Accordingly, the prohibition contained in section 6106 does not apply to Gumataotao's negligent hiring and supervision claim.

### C. Claims Against Highsmith

#### 1. Invasion of privacy

Gumataotao alleges Highsmith invaded his reasonable expectation of privacy. At oral argument, Gumataotao clarified that during the alleged assault, Gumataotao was trying to communicate with his client; thus, the assault interfered with attorney-client communications. Min. Entry (May 18, 2022); Compl. ¶ 12.

With that clarification, it does not appear that Gumataotao has correctly labeled this particular claim. For example, the elements of an invasion of privacy claim include: "(1) a reasonable intrusion upon the seclusion of another; (2) appropriation of another's name and likeness; (3) unreasonable publicity given to the other's private life…; and (4) publicity that unreasonably places the other in a false light before the public…" *Moylan v. Citizen's Security Bank,* 2015 Guam 36 ¶ 69. Interference in attorney-client communications does not appropriate another's name or likeness or involve publicity; in other words, what Gumaotao claims to be an invasion of privacy tort does not qualify as such but could constitute some other sort of tort not explained to this Court and not adequately noticed under Rule 8.

For this reason, the Court DISMISSES the Invasion of Privacy claim, but GRANTS leave to amend.

#### 2. Loss of Reputation

---

[1] At the oral argument, Highsmith denied having any criminal history prior to the incident at issue.

ORIGINAL

Gumataotao alleges that the event caused by Highsmith caused a loss to his professional reputation since it caused it to be publicized through the media, affecting his professional career and earning capacity. Min. Entry (May 18, 2022). Highsmith, in return, argues that loss of reputation is not a tort, and the publication of the incident does not mean damage occurred to Gumataotao's professional reputation or earning capacity. *Id.*

Even assuming that loss of reputation is not a tort, Gumataotao was required to plead special damages specially. GRCP 9(g). Through his Complaint, Gumataotao has sufficiently pleaded his claim that by being exposed to public scrutiny, his professional career had been affected by it, and he suffered special damages as a result.

### 3. Infliction of Emotional Distress

Gumataotao alleges that Highsmith committed negligent infliction of emotional distress or, in the alternative, intentional infliction of emotional distress (IIED). Compl. ¶¶ 36-38. Highsmith moves to dismiss the IIED claim. To prevail on an IIED claim, a plaintiff must demonstrate (1) the defendant committed extreme and outrageous conduct, (2) intended to cause or recklessly disregarded the probability of causing emotional distress, (3) the plaintiff suffered severe emotional distress, and (4) actual and proximate causation of the plaintiff's emotional distress. *Moylan v. Citizens Sec. Bank*, 2015 Guam 36 ¶ 78.

Highsmith contends in his motion filed before the federal court that the IIED claim fails the plausibility test under *Twombly*. Again, because the matter is now before the local court, the test is whether Gumataotao has provided a short and plain statement showing an entitlement to relief. The Court finds that Gumataotao met this bar.

For example, he alleges that Highsmith acted with malice when he violently pushed Gumataotao. Compl. ¶¶ 13, 16. Gumataotao also claims he suffered grievous injuries: he hit his head, lost consciousness, and injured his ribs and wrist. Compl. ¶¶ 16, 18. While

ORIGINAL

Gumataotao did not specifically allege that he suffered emotional distress, he did not need to plead that specific fact. *See Ukau*, 2016 Guam 26 ¶ 21 (Guam requires notice pleading, not fact pleading). The Court finds that even without that allegation, Gumataotao alleged sufficient facts to make up the claim for IIED.

## III. CONCLUSION

The Court DENIES the Government's motion to dismiss Count II as sovereign immunity has been waived as to negligent hiring and supervision claims, Gumataotao has furnished sufficient allegations thereon, and there is no statutory immunity under the FCHPA. Moreover, the Court notes that the Government does not move to dismiss other aspects of Count II, including an alleged violation of Gumataotao's First Amendment rights and "Workplace Violence." Those claims were not dismissed by the federal court and remain intact.

The Court GRANTS Highsmith's motion to dismiss the claim of invasion of privacy and DENIES Highsmith's motion on his claims for loss of reputation and IIED. Dismissal of the invasion of privacy claim is without prejudice and leave to amend is GRANTED.

An amended pleading, if filed, shall be filed within ten business days to be considered timely. Responsive pleadings shall be filed no later than ten business days after an amended pleading is filed or, if none is filed, within twenty-one calendar days of this Decision and Order.

SO ORDERED this 27th day of July 2022.

HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

Appearing Attorneys:
William Benjamin Pole, Esq., Law Offices of Gumataotao & Pole, P.C., for Plaintiff Gary Wayne Francis Gumataotao
David J. Highsmith, Esq., self-represented
Assistant Attorney General Robert M. Weinberg, Office of the Attorney General for the Government of Guam

ORIGINAL

Date: 7/27/22 Time: 4:20 pm
Deputy Clerk, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

Gumataotao + Pike,

D. Highsmith , AG

Date: 7/27/22 Time: 4:20 pm

Deputy Clerk, Superior Court of Guam